# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOHN A. BETTS, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 12-0938-CV-W-BP-P |
| JAMES HURLEY, | ) |
| Respondent. | ) |

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS
## AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, John A. Betts, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on July 7, 2012, seeking to challenge his 2010 convictions and sentences for second degree burglary and resisting arrest, which were entered in the Circuit Court of Jackson County, Missouri.

The petition raises one ground for relief, alleging ineffective assistance of plea counsel based on being "misled to believe that he would receive a five-year sentence in exchange for his guilty plea." (Respondent's Exhibit E, pg. 1). Petitioner claims that under these circumstances his plea was unknowing and involuntary. Id. Respondent contends that the petition should be dismissed as this claim is without merit.

## SUMMARY OF THE FACTS

The Missouri Court of Appeals summarized the facts as follows:

> John A. Betts appeals the circuit court's judgment denying his Rule 24.035 motion for post-conviction relief after an evidentiary hearing. Betts pleaded guilty to one count of burglary in the second degree and one count of resisting arrest for which the circuit court sentenced him to a total of 10 years imprisonment. In his appeal, Betts contends that his guilty plea was unknowing and involuntary because his plea counsel misled him to believe that he would get a

five year sentence in exchange for his guilty plea. Betts claims that, had he known he could be sentenced to more than five years, he would not have pled guilty and would have insisted on going to trial. We affirm the court's judgment.

The record reveals that Betts was charged with one count of burglary in the second degree and one count of resisting arrest. On November 2, 2009, Betts appeared before the court to enter a guilty plea. At the guilty plea hearing, the State moved to charged Betts as a prior and persistent offender, to which Betts stipulated. Plea counsel confirmed that she discussed the ramifications of the prior and persistent offender status with Betts, and the circuit court confirmed with Betts that he understood that this meant the range of sentencing on each count would be increased. The circuit court found, beyond a reasonable doubt, that Betts was a prior and persistent offender.

The State then described the plea agreement to the court as one where Betts would plead guilty to both charges as a prior and persistent offender and that the sentences for those charges would run concurrently. The state specifically said, "[t]here is no lid." The court confirmed that there was no lid on sentencing, and the State and Betts's attorney agreed. The court stated that it "would have the full range of punishment allowed . . . under the sentencing statutes for both of [the] charges," and the State and Betts's attorney agreed. The court then addressed Betts regarding his understanding of the plea agreement:

> [THE COURT]: All right. Now you were present in the courtroom when the attorneys recited the terms of the plea agreement, is that correct?
>
> [BETTS]: Yes.
>
> [THE COURT]: And you heard them recite the terms of the plea agreement, yes?
>
> [BETTS]: Yes.
>
> [THE COURT]: Is that your understanding of the plea agreement?
>
> [BETTS]: Yes.
> [THE COURT]: You understand you're pleading guilty to two charges against you?

> [BETTS]: Yes.
>
> [THE COURT]: You understand that at some later date, I will sentence you based upon your guilty plea in those two charges?
>
> [BETTS]: Yes.
>
> [THE COURT]: Now with regard to Burglary in the 2nd degree, which is a, now it's a class B felony, you understand that the range of punishment in that case is from 5 to 15 years in the Missouri department of Adult Institutions?
>
> [BETTS]: Yes.
>
> [THE COURT]: And with regard to the Resisting Arrest charge, which is a Class C felony, you understand that the range of punishment is from one day to one year in the Jackson County Jail or one to seven years in the Missouri Department of Adult Institutions and a fine up to $5,000? Do you understand that?
>
> [BETTS]: Yes
>
> [THE COURT]: Do you understand that the plea agreement today is that the Court would sentence you on these two charges concurrent, meaning this sentence would be served at the same time on both charges? Do you understand that?
>
> [BETTS]: Yes

Betts acknowledged that plea counsel explained the charges to him and that he understood the charges. Betts said that he did not need more time with plea counsel, and he confirmed that he was pleading guilty to both charges. Betts said that he understood the terms of the plea agreement and that he understood his rights and the rights he was giving up by pleading guilty.

In establishing the factual basis for the plea, Betts said that, on January 30, 2008, he knowingly, unlawfully entered an inhabitable structure located at 6802 Scenic Drive for the purpose of committing the crime of stealing therein. He also testified that, on

–3–

January 30, 2008, knowing that officers were making an arrest of him, he resisted arrest by fleeing from the officers.

Betts stated that he was pleading guilty to the two charges because he was guilty. He said that he was pleading guilty voluntarily, that nobody forced, threatened, or coerced him into pleading guilty, and that nobody made any promises to him regarding sentencing other than what was stated in the plea agreement. Betts said that he had discussed his guilty plea with plea counsel, that he was satisfied with plea counsel's services, and that there was nothing that plea counsel should have done that she did not do. Thereafter, the court accepted Betts's guilty pleas as freely and voluntarily made. The court stated again for the record that "there is no lid with regard to the plea. The Court will have the full range of options open to it for sentencing. The only agreement is that whatever sentence is imposed on these two counts will be served concurrent."

At the sentencing hearing on February 19, 2010, the court once again confirmed that "[t]he plea was a plea up to the Court with no lid. The only term of the plea was that the sentences in these two cases would be concurrent." Both the State and plea counsel agreed that these were the terms to the agreement. The court sentenced Betts to concurrent terms of ten years for the burglary charge and four years for the resisting arrest charge.

On March 15, 2010, Betts filed a *pro se* Rule 24.035 motion. Thereafter, the circuit court appointed counsel to represent Betts, and appointed counsel filed an amended Rule 24.035 motion on November 12, 2010. In the amended motion, Betts alleged that his plea counsel provided ineffective assistance of counsel when she told Betts that in exchange for his plea of guilty he would be sentenced to a five-year term of imprisonment.

The circuit court held an evidentiary hearing, at which Betts's plea counsel testified. Plea counsel acknowledged that she thought that the State has made an offer before trial that if Betts plead guilty he would receive a lid of five years in prison and that if Betts did an open plea that the State would prove Betts up as a prior and persistent offender. Plea counsel testified that, on the day of trial, the State's attorney disagreed that this was the offer. According to plea counsel, the State informed her that the offer was a lid of ten years in prison and that the State would prove Betts up as a prior and persistent offender. Plea counsel said that she argued with the State's attorney about the offer but to no avail. She said that she then discussed the changes in the offer with Betts. She said that she

> told Betts that the five-year lid offer was gone, that the offer was now a ten-year lid, and that the State would be proving him up as a prior and persistent offender. She said that she advised Betts to go ahead and take the offer because she was "concerned that he might get more time based on one of the charges being enhanced to a [class] B [felony with] the range of punishment being all the way up to 15" years in prison. Plea counsel said that she never promised Betts that he would receive any term of years and that she never tells her clients to simply go along with the questions that the court asks of them. After the evidentiary hearing, the circuit court denied Betts's amended Rule 24.035 motion. Betts appeals.

(Respondent's Exhibit E, pp. 1-5).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## INEFFECTIVE ASSISTANCE

In ground 1, petitioner contends his plea was not knowing or voluntary in that his attorney provided ineffective assistance by misleading him to believe that his plea would result in a five year sentence instead of the ten years he actually received. In order to succeed on his claim of ineffective assistance of plea counsel, petitioner must show that counsel's representation fell

---

[1] "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

–5–

below an objective standard of reasonableness, and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Reasonably effective assistance of counsel may be defined as the skill and diligence that a reasonably competent attorney would exercise under similar circumstances. See, e.g., Strickland v. Washington, 466 U.S. at 687-90.

"Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction...." Strickland v. Washington, 466 U.S. 668, 689 (1984). "A fair assessment of attorney performance requires that every effort be made to eliminate te distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

On direct appeal, the Missouri Court of Appeals disposed of this claim as follows:

> Our review of the circuit court's ruling on Rule 24.035 motion is limited to determining whether its findings and conclusions are clearly erroneous. Rule 24.035(k). Findings and conclusions are clearly erroneous only if we have a definite and firm impression that a mistake was made. *Dobbins v. State*, 187 S.W.3d 865, 866 (Mo. Banc. 2006). By pleading guilty, Betts "waived any claim that counsel was ineffective except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005).
>
> To succeed on his claim of ineffective assistance of counsel, Betts must demonstrate: "(1) that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney; and (2) that [Betts] was thereby prejudiced." *Haskett v. State*, 152 S.W.3d 906, 909 (Mo. App. 2005). If Betts fails to show either ineffective assistance or prejudice, we do not consider the other. *Id.*

–6–

Case 4:12-cv-00938-BP   Document 16   Filed 12/26/12   Page 6 of 10

Betts claims that his guilty plea was unknowing and involuntary because his plea counsel misled him to believe that he would get a five-year sentence in exchange for his guilty plea. Betts claims that, had he known he could be sentenced to more than five years, he would not have pled guilty and would have insisted on going to trial. At the evidentiary hearing, Betts denied that his plea counsel informed him that the plea offer for the five-year sentence lid had changed and denied that plea counsel had informed him about a different plea offer.

"If a defendant claims he pled guilty because he was misled, the court must determine whether that belief by which he claims to have been misled was reasonable." *Drone v. State*, 973 S.W.2d 897, 900 9Mo. App. 1998). If Betts "had a mistaken belief about his sentence, it could entitle him to relief if the mistake was based on a positive misrepresentation on which he was entitled to rely, and if the mistake was reasonable." *Felton v. State*, 103 S.W.3d 367, 371 (Mo. App. 2003). "'An applicant's belief as to his or her anticipated sentence is necessarily subjective, but the test to be applied when determining voluntariness is whether there was a reasonable basis in the guilty plea record for the defendant to have such a belief.'" *Johnson v. State*, 921 S.W.2d 48, 50-51 (Mo. App. 1996)(citations omitted). We look to the record to determine whether or not Betts's mistaken belief about his sentence was reasonable. *Mendez v. State*, 180 S.W.3d 75, 80 (Mo. App. 2005).

The circuit court found that Betts's claim that he was misled about his sentence was not reasonable. Indeed, the record establishes that Betts's belief about the alleged five year sentence plea offer was not reasonable. At the guilty plea hearing, the State described the plea agreement to the court as one where Betts would plead guilty to both charges as a prior and persistent offender and that the sentences for those charges would run concurrently. The State specifically said, "[t]here is no lid," as to the sentence. The court confirmed that there was no lid on the sentencing, and the State and Betts's attorney agreed. The court stated that it "would have the full range of punishment allowed . . . under the sentencing statutes for both of [the] charges," and the State and Betts's attorney agreed. The court then addressed Betts regarding his understanding of the plea agreement. Betts acknowledged that he was present in the courtroom when the terms of the plea agreement were recited. He also acknowledged that he heard the terms of the plea agreement and that those terms comported with his understanding of the plea agreement. The court then asked Betts

–7–

if he understood that the range of punishment for the burglary in the second degree charge as a class B felony was five to fifteen years and the range of punishment for the resisting arrest charge as a class C felony was "from one day to one year in the Jackson County Jail or one to seven years in the Missouri Department of Adult Institutions and a fine of up to $5,000." Betts said he understood the ranges of punishment. Betts also said that he understood that the sentences on the two charges would run concurrently.

Further Betts said that he understood the terms of the plea agreement and that he understood his rights and the rights he was giving up by pleading guilty. Betts states that he was pleading guilty to the two charges because he was guilty. He said that he was pleading guilty voluntarily, that nobody forced, threatened, or coerced him into pleading guilty, and that nobody made any promises to him regarding sentencing other than what was stated in the plea agreement.

Moreover, at the evidentiary hearing, Betts's plea counsel testified that, although she believed that the State initially offered Betts a plea agreement of a lid of five years in prison, the State informed her on the day of trial that it disagreed that this was the offer and told her that the offer was a lid of ten years in prison and that the State would prove Betts up as a prior and persistent offender. Plea counsel said that she informed Betts about the changes in the offer. She said that she told Betts that the five-year lid offer was gone, that the offer was now a ten-year lid, and that the State would be proving him up as a prior and persistent offender. Plea counsel said that she never promised Betts that he would receive any term of years and that she never tells her clients to simply go along with the questions the court asks of them.

Further, Betts testified at the evidentiary hearing that he remembered the judge at the plea hearing telling him that "there was no agreement as to the length of your sentence." Betts also confirmed that plea counsel explained to him what a "lid" on a sentence meant, and Betts agreed that the judge at the plea hearing stated that there was no lid on the sentence. Betts said that the court told him that in sentencing him that the court would have full range of punishment allowed under the sentencing statutes. Betts also agreed that he was present when the State and plea counsel explained the plea agreement to the court, and Betts agreed that the State described the plea agreement as not having a lid. He also acknowledged that he did not say anything to the court when he

–8–

> received the ten-year sentence.
>
> Because Betts's claim that he was misled into believing that he would receive a five-year sentence is refuted by the record, the circuit court did not clearly err in denying Betts's Rule 24.035 motion for post-conviction relief. We, therefore, affirm the circuit's court judgment.

(Respondent's Exhibit E, pp. 5-9).

The resolution of ground 1 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000).[2]  Applying the <u>Strickland</u> standard of review to the facts as set forth in the record, the Court finds that plea counsel was not ineffective.

Ground 1 is denied.

## **CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling

---

[2] According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Williams</u>, 529 U.S. at 413, 120 S.Ct. at 1523.

–9–

on the constitutional claim(s) "debatable or wrong."  Tennard v. Dretke, 542 U.S. 274, 276 (2004).  Because petitioner has not met this standard, a certificate of appealability will be denied.  See 28 U.S.C. § 2254, Rule 11(a).

## **ORDER**

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for a writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) the issuance of a certificate of appealability is denied.

        /s/ Beth Phillips
BETH PHILLIPS
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:   December 26, 2012.